**Fnu YULIA; Ferdix Budiman, Petitioners,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 04–75223.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted June 18, 2008.*

Filed July 1, 2008.

Joseph S. Porta, Law Offices of Cohen Porta & Kim, Los Angeles, CA, Joseph S. Porta, for Petitioners.

CAC–District Counsel, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Lauren E. Fascett, DOJ—U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: LEAVY, HAWKINS, and W. FLETCHER, Circuit Judges.

MEMORANDUM **

Fnu Yulia and her husband, natives and citizens of Indonesia, petition for review of the Board of Immigration Appeals' order summarily affirming an immigration judge's decision denying their application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Nagoulko v. INS,* 333 F.3d 1012,

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1015 (9th Cir.2003), and we deny the petition for review.

■ Substantial evidence supports the agency's finding that the harm petitioners suffered did not rise to the level of past persecution. *See id.* at 1016–17. Furthermore, substantial evidence supports the agency's finding that they failed to demonstrate a well-founded fear of future persecution. *See id.* at 1018. While petitioners are members of a disfavored group, and therefore need only demonstrate a "comparatively low level of individualized risk in order to prove ... a well-founded fear of future persecution," *Sael v. Ashcroft,* 386 F.3d 922, 927 (9th Cir.2004) (internal quotation marks and citation omitted), the name-calling, mocking, sexual harassment, and robbery they suffered are insufficient to compel the conclusion that they met this burden. *Cf. id.* at 927–29.

■ Because petitioners failed to demonstrate eligibility for asylum, it follows that they did not satisfy the more stringent standard for withholding of removal. *See Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000).

**PETITION FOR REVIEW DENIED.**